KNM 03-333 5/26/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 04 249T

| | | |
|---|---|---|
| SALVATORE LA TERRA BELLINA<br>Plaintiff, | : | |
| v. | : | C.A. NO. 04- |
| WEEKS MARINE, INC., PROVPORT, INC., NORTHERN STAR MARINE, INC., ABC CORPORATION, JOHN DOE<br>Defendants. | : | |

**COMPLAINT**

**A. Parties**

1. Plaintiff, SALVATORE LA TERRA BELLINA, (hereinafter, "Plaintiff") is an individual, who is a resident of the State of Rhode Island.

2. Defendant, PROVPORT, INC., (hereinafter, "PROVPORT") is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business located in Providence, Rhode Island.

3. Defendant, WEEKS MARINE, INC. (hereinafter, "WEEKS MARINE") is a corporation duly organized and existing under the laws of the State of New Jersey, and is registered to do business in the State of Rhode Island. Its principal place of business is located in Cranford, New Jersey.

4. Defendant, NORTHERN STAR MARINE, INC., (hereinafter, "NORTHERN STAR") is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business located in Chepachet, Rhode Island.

5. Defendant, ABC CORPORATION, (hereinafter, "ABC") is a corporation duly organized and existing under the laws of Greece, with its principal place of business located in Greece.

6. Defendant, JOHN DOE, is an individual who is a citizen of Greece.

7. Defendant, WEEKS MARINE, operates, manages, controls, and at all times mentioned in this Complaint, operated, managed and controlled, the vessel, *WEEKS 529*, a vessel under the flag of the United States of America, engaged as a merchant vessel at all relevant times hereto.

8. Defendant, ABC operates, manages, controls, and at all times mentioned in this Complaint, operated, managed and controlled, the vessel, *M/V Oluja*, a vessel under the flag of Greece, engaged as a merchant vessel at all relevant times hereto.

9. Defendant, NORTHERN STAR, is an agent of ABC Corporation and the vessel, *M/V Oluja*.

10. Defendant, PROVPORT, owns, operates and manages the Port of Providence in the City of Providence, State of Rhode Island.

**B. Facts**

11. On or about January 14, 2002, the Plaintiff was a seaman, and a member of the crew of the vessel, *WEEKS 529*.

12. On or about January 14, 2002, the Defendant, ABC and its agents, Defendants NORTHERN STAR and JOHN DOE were doing business in the State of Rhode Island.

13. On or about January 14, 2002, the vessels, *WEEKS 529* and *M/V Oluja* were in navigable waters of the Narragansett Bay.

14. On or about January 14, 2002, the Defendant, ABC, or the Defendant's agents, servants, and/or employees, Defendants NORTHERN STAR and JOHN DOE, controlled the vessel, *M/V Oluja*.

15. On or about January 14, 2002, while aboard the vessel, *WEEKS 529*, in performance of his duties in the service of the vessel, *WEEKS* 529, Plaintiff was holding a rope thrown to him by Defendant, JOHN DOE, a seaman aboard the vessel, *M/V Oluja*.

16. On or about January 14, 2002, the Defendant, JOHN DOE, a seaman aboard the vessel, *M/V Oluja*, suddenly pulled the rope held by Plaintiff, causing Plaintiff to fall from the vessel, *WEEKS 529*, into the waters of the Narragansett Bay.

17. On or about January 14, 2002, while in the performance of his duties in the service of vessel, *WEEKS* 529, the Plaintiff, SALVATORE LA TERRA BELLINA, sustained personal injuries while aboard the vessel, *WEEKS* 529, while it was in navigation and while he was otherwise furthering the mission of *WEEKS* 529, pursuant to the captain of the vessel's, *WEEKS* 529, instructions.

18. The injuries sustained by Plaintiff are severe, permanent and disabling, causing him great pain and suffering and resulting in substantial medical expense, loss of earnings and loss of earning capacity.

19. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, was exercising due care.

**B. Jurisdiction**

20. This case is cognizable under Admiralty and Maritime jurisdiction pursuant to an Act of Congress, known as the Merchant Marine Act, approved by

Congress on June 5, 1920, Section 33, commonly referred to as the Jones Act, 46 U.S.C. §688, and pursuant to the General Maritime Law of the United States of America, and Rhode Island State Law, as hereinafter more fully appears.

21. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

**COUNT I**

**Jones Act Negligence**

22. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above.

23. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were not caused by any fault on his part but were directly and proximately caused by the negligence of the Defendant, WEEKS MARINE, its agents, servants and/or employees, as a result of the unsafe and unseaworthy conditions of the vessel, *WEEKS* 529, and the negligence and lack of attention of the Defendant, WEEKS MARINE, acting through its agents, servants and/or employees.

24. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

25. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. §688.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against Defendant, WEEKS MARINE, together with interest and costs.

**COUNT II**

**General Maritime Law – Unseaworthiness**
**Weeks Marine, Inc.**

26. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above and repeats and realleges all of the foregoing paragraphs of Count I with the same force and effect as if herein set forth at length, and in addition thereto alleges:

27. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the unseaworthiness of the *WEEKS* 529.

28. Pursuant to the General Maritime Law of the United States of America, Defendant, WEEKS MARINE, had the absolute and non-delegable duty to provide Plaintiff with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

29. The Defendant's vessel, *WEEKS* 529, was unseaworthy by reason of the aforesaid facts alleged in paragraph 23 in that Defendant WEEKS MARINE:

a. failed to install permanent or temporary railings which would have prevented Plaintiff from falling into the waters of the Narragansett Bay;

b. failed to maintain the deck of the vessel, *WEEKS* 529, free and clear of debris which caused the Plaintiff to fall in the waters of Narragansett Bay; and

c. failed to provide safety equipment on the vessel, *WEEKS* 529, which would have been used to protect, save or retrieve the Plaintiff when he fell into the waters of the Narragansett Bay.

30. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the unseaworthiness of the vessel, *WEEKS* 529, as delineated in paragraph 29.

31. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, WEEKS MARINE, INC., together with interest and costs.

**<u>COUNT III</u>**

**Negligence - ProvPort, Inc.**

32. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above and repeats and realleges all of the foregoing paragraphs of Count I and Count II with the same force and effect as if herein set forth at length, and in addition thereto alleges:

33. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant PROVPORT.

34. Defendant PROVPORT was negligent by reason of the aforesaid facts in that Defendant PROVPORT:

a. failed to provide safety equipment and permanent or temporary ladders at the Port of Providence and its surrounding docks; and

b. failed to maintain proper lighting at the Port of Providence, its surrounding docks and adjacent waterways.

35. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of PROVPORT as delineated in paragraph 34.

36. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, PROVPORT, INC., together with interest and costs.

**COUNT IV**

**Negligence - ABC Corporation**

37. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above and repeats and realleges all of the foregoing paragraphs of Counts I, II, and III with the same force and effect as if herein set forth at length, and in addition thereto alleges:

38. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant ABC.

39. Defendant ABC was negligent by reason of the aforesaid facts in that Defendant ABC failed to use due care under the circumstances, when permitting its employee, Defendant JOHN DOE, to pull on a rope without warning to the Plaintiff.

40. Said failure of due care by Defendant ABC and Defendant JOHN DOE caused the Plaintiff, who was holding onto the opposite end of the rope, to fall into the waters of Narragansett Bay and suffer injuries.

41. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of ABC as delineated in paragraphs 39 and 40.

42. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, ABC CORPORATION, together with interest and costs.

**COUNT V**

**Negligence - Northern Star Marine, Inc.**

43. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above and repeats and realleges all of the

foregoing paragraphs of Counts I, II, III, and IV with the same force and effect as if herein set forth at length, and in addition thereto alleges:

44. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant NORTHERN STAR.

45. Defendant NORTHERN STAR was negligent as an agent of ABC by reason of the aforesaid facts in that Defendant NORTHERN STAR failed to use due care under the circumstances, when permitting its employee, Defendant JOHN DOE, to pull on a rope without warning to the Plaintiff.

46. Said failure of due care by Defendant NORTHERN STAR and Defendant JOHN DOE caused the Plaintiff, who was holding onto the opposite end of the rope, to fall into the waters of Narragansett Bay and suffer injuries.

47. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of NORTHERN STAR as delineated in paragraphs 45 and 46.

48. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, NORTHERN STAR MARINE, INC., together with interest and costs.

## COUNT VI

### Negligence - John Doe

49. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above and repeats and realleges all of the foregoing paragraphs of Counts I, II, III, IV, and V with the same force and effect as if herein set forth at length, and in addition thereto alleges:

50. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant JOHN DOE.

51. Defendant JOHN DOE was negligent by reason of the aforesaid facts in that Defendant JOHN DOE failed to use due care under the circumstances, when he pulled on a rope without warning to the Plaintiff.

52. Said failure of due care by Defendant JOHN DOE caused the Plaintiff, who was holding onto the opposite end of the rope, to fall into the waters of Narragansett Bay and suffer injuries.

53. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of JOHN DOE as delineated in paragraphs 51 and 52.

54. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, JOHN DOE, together with interest and costs.

Plaintiff
SALVATORE LA TERRA BELLINA
By his Attorneys,

HANSON CURRAN LLP

Kelly N. Michels

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

Plaintiff hereby claims a trial by jury and designates James T. Murphy as trial attorney.