UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SALVATORE LA TERRA BELLINA :
:
v. : C.A. No 04-249T
:
WEEKS MARINE, INC., :
PROVPORT, INC., :
NORTHERN STAR MARINE, INC., :
and ABC CORPORATION, JOHN DOE :

**ANSWER OF DEFENDANT PROVPORT, INC.**

1. Defendant ProvPort, Inc. ("ProvPort") denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident of the State of Rhode Island. Otherwise, admitted.

2. Admitted.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

10

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

10. Admitted.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

13. Admitted.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

20. This is a legal conclusion to which no responsive pleading is required.

21. This is a legal conclusion to which no responsive pleading is required.

22. Defendant repeats and realleges Paragraphs 1 through 21 above.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

25. This is a legal conclusion to which no responsive pleading is required.

26. Defendant repeats and realleges Paragraphs 1 through 21 and 23 through 25 above.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

28. This is a legal conclusion to which no responsive pleading is required.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

32. Defendant repeats and realleges Paragraphs 1 through 21, 23 through 25, and 27 through 31 above.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

37. Defendant repeats and realleges Paragraphs 1 through 21, 23 through 25, 27 through 31, and 33 through 36 above.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

43. Defendant repeats and realleges Paragraphs 1 through 21, 23 through 25, 27 through 31, 33 through 36, and 38 through 42 above.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

49. Defendant repeats and realleges Paragraphs 1 through 21, 23 through 25, 27 through 31, 33 through 36, 38 through 42, and 44 through 48.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

53. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is guilty of contributory and comparative negligence.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by the actions and omissions of parties other than Defendant ProvPort, for whom Defendant ProvPort is not liable.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of the activity in which he allegedly was injured.

Defendant,
ProvPort, Inc.
By its Attorney,

Stephen P. Sheehan, Esq. (#4030)
Wistow & Barylick Incorporated
61 Weybosset Street
Providence, RI 02903
(401) 831-2700
(401) 272-9752 (fax)

Dated: September 15, 2004

## CERTIFICATION

I hereby certify that I mailed a copy of the within document on this 16th day of September, 2004, to the following:

James T. Murphy, Esq.
Kelly N. Michels, Esq.
Hanson Curran, LLP
146 Westminster Street
Providence, RI 02903