UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SALVATORE LA TERRA BELLINA, Plaintiff, -against- WEEKS MARINE, INC., PROVPORT, INC., NORTHERN STAR MARINE, INC., ABC CORPORATION, JOHN DOE, Defendants | Civil Action No. 04-249 (ECT) **ANSWER WITH CROSS-CLAIMS AND THIRD-PARTY CLAIMS** |
| WEEKS MARINE, INC. Third-Party Plaintiff, -against- WATERSON STEVEDORING, INC. Third-Party Defendant. | |

Defendant Weeks Marine, Inc. ("Weeks Marine"), by its attorneys, Betancourt, Van Hemmen, Greco & Kenyon, and its local counsel Baluch, Gianfrancesco, Mathieu & Szerlag, answer the Complaint herein upon information and belief as follows:

**ANSWERING THE ALLEGATIONS REGARDING PARTIES**

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 1, 2, 4, 5, 6, 8, 9, 10 of the Complaint.



14

2. Admits the allegations contained in Paragraph 3 of the Complaint.

3. Admits that Weeks Marine, at relevant times, operated, managed and controlled the non-self-propelled floating crane work platform the WEEKS 529 ("WEEKS 529") and, except as so admitted, denies each and every allegation contained in Paragraph 7 of the Complaint.

**ANSWERING THE FACTUAL ALLEGATIONS**

4. Denies the allegations of Paragraphs 11, 15, 16, 17, 18 and 19 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 and 14 of the Complaint.

6. Admits that the WEEKS 529, at relevant times, was in Narragansett Bay; denies knowledge or information sufficient to form a belief as to the allegation that the vessel M/V Oluja was in navigable waters of the Narragansett Bay on or about January 14, 2002; and, except as so admitted and denied, denies each and every allegation contained in Paragraph 13 of the Complaint.

**ANSWERING THE JURISDICTIONAL ALLEGATIONS**

7. Denies the allegations contained in Paragraph 20 of the Complaint.

8. The allegations contained in Paragraph 21 of the Complaint are conclusions of law properly resolvable by the Court.

**ANSWERING COUNT I**

9. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 8 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 22 of Count I of the Complaint.

10. Denies the allegations contained in Paragraphs 23, 24 and 25 of Count I of the Complaint.

## ANSWERING COUNT II

11. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 10 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 26 of Count II of the Complaint.

12. Denies the allegations contained in Paragraphs 27, 28, 29, 30 and 31 of Count II of the Complaint.

## ANSWERING COUNT III

13. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 12 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 32 of Count III of the Complaint.

14. The allegations contained in Paragraphs 33 through 36 of Count III of the Complaint are not directed at defendant Weeks Marine and, accordingly, no response is required or provided from defendant Weeks Marine as to the allegations contained in Paragraphs 33 through 36 of Count III of the Complaint.

## ANSWERING COUNT IV

15. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 14 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 37 of Count IV of the Complaint.

16. The allegations of Paragraphs 38 through 42 of Count IV of the Complaint are not directed at Defendant Weeks Marine and, accordingly, no response is required or provided from defendant Weeks as to the allegations contained in Paragraphs 38 through 42 of Count IV of the Complaint.

## ANSWERING COUNT V

17. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 16 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 43 of Count V of the Complaint.

18. The allegations contained in Paragraphs 44 through 48 are not directed at defendant Weeks and, accordingly, no response is required or provided from defendant Weeks Marine as to the allegations contained in Paragraphs 44 through 48 of Count V of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a claim or cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

20. The allegations in the Complaint against defendant Weeks Marine are frivolous and lack any evidentiary support within the meaning of Fed. R. Civ. P. 11 and defendant Weeks Marine reserves the right to seek sanctions, including attorneys' fees and costs.

## THIRD AFFIRMATIVE DEFENSE

21. Plaintiff is not a seaman under the Jones Act, 46 U.S.C. §688 et seq.

## FOURTH AFFIRMATIVE DEFENSE

22. The WEEKS 529 is not a vessel in navigation under the Jones Act, 46 U.S.C. §688 et seq.

## FIFTH AFFIRMATIVE DEFENSE

23. Plaintiff had no employment connection to the WEEKS 529.

**SIXTH AFFIRMATIVE DEFENSE**

24. Plaintiff failed to join indispensable parties in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

25. If plaintiff was injured in the manner and for the reasons alleged by him, which is denied, his injuries were caused in whole or in part by his own negligence or the negligence of others for whose negligence defendant Weeks Marine is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

26. Upon information and belief, plaintiff is guilty of culpable conduct and the amount of damages, if any, which may be recovered by plaintiff shall be diminished in the proportion which his culpable conduct bears to the defendant Weeks Marine's culpable conduct, which is denied.

**NINTH AFFIRMATIVE DEFENSE**

27. That any verdict in the within action, for past, present, and future medical care, custodial care, or rehabilitation services, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from any collateral source, including Workers Compensation benefits, Longshore & Harbor Workers' Compensation Act benefits, employer funded medical plans, Medicaid and Medicare.

**TENTH AFFIRMATIVE DEFENSE**

28. Plaintiff failed to mitigate his damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

29. The damages alleged were the result of intervening or superseding acts of others over whom defendant Weeks Marine had no control and for whom defendant Weeks Marine was not responsible.

**TWELFTH AFFIRMATIVE DEFENSE**

30. The claims against defendant Weeks Marine are time-barred under the applicable Statute of Limitations and/or by laches.

**CROSS-CLAIMS**

31. Defendant Weeks Marine hereby brings the following Cross-Claims against co-defendants Provport, Inc., Northern Star Marine, Inc., ABC Corporation and John Doe (collectively, "Co-defendants"):

32. If plaintiff sustained the injuries, damages and losses as set forth in the Complaint, said allegations being specifically denied as they relate to defendant Weeks Marine, and if defendant Weeks Marine is judged liable to plaintiff, then such liability and/or damages were caused in whole or in part by the active and primary carelessness, negligence, breach of duty, fault, acts or omissions or commissions or other fault or intentional acts of Co-defendants, or of any one or any combination of those Co-defendants, and if any judgment should be recovered herein by plaintiff against defendant Weeks Marine, Co-defendants, or of any one or any combination of those Co-defendants, should be liable to defendant Weeks in whole or in part in the amount of such damage, loss, or injury, under an apportionment of liability for indemnity or contribution.

WHEREFORE, defendant Weeks Marine demands judgment dismissing the Complaint, but if there is a judgment against it, then judgment over and against Co-defendants, or of any one or any combination of those Co-defendants, for indemnification and/or contribution together with costs, disbursements, interest, and attorneys' fees in this action, and such other further and different relief as the Court may deem just and proper.

## THIRD-PARTY CLAIMS

Defendant Weeks Marine, by its attorneys, Betancourt, Van Hemmen, Greco & Kenyon, and its local counsel Baluch, Gianfrancesco, Mathieu & Szerlag, as and for their Third-Party Complaint, allege upon information and belief as follows:

## FIRST THIRD-PARTY CLAIM

33. Defendant and third-party plaintiff Weeks Marine repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above, with the same force and effect as if fully set forth at length herein.

34. Plaintiff herein has filed a Compliant against defendant and third-party plaintiff Weeks Marine and others (a copy of which is attached as Exhibit A), alleging, among other things, that Weeks Marine was negligent and the WEEKS 529 was unseaworthy causing plaintiff to suffer personal injuries on or about January 14, 2002.

35. At all times hereinafter mentioned, third-party defendant Waterson Stevedoring, Inc. ("Waterson") was and still is a corporation, or other business organization organized and existing under and by virtue of the laws of one of the States of the United States of America and was licensed to do business in the State of Rhode Island and does business within the state.

36. In or about 2001, Waterson hired Weeks Marine and its subsidiary M.P. Howlett, Inc. ("Howlett") to provide crane services to assist Waterson in its stevedoring activities in the Port of Providence (the "Crane Services Agreement"). Under the Crane Services Agreement, Waterson and Weeks Marine agreed to indemnify and hold each other harmless for injuries to their respective employees (the "indemnification and hold harmless provisions").

37. At the time of plaintiff's alleged injury, plaintiff was employed by Waterson as a land-based longshoreman.

38. On or about July 30, 2004, Weeks Marine tendered its defense of plaintiff's Complaint to Waterson pursuant to the indemnification and hold harmless provisions of the Crane Services Agreement. Weeks Marine requested that Waterson provide it with an immediate response acknowledging receipt of the tender and advising it of Waterson's acceptance thereof.

39. In breach of the Crane Services Agreement, Waterson, to date, has not acknowledged Weeks Marine's tender nor has it defended, indemnified or held Weeks Marine harmless with respect to plaintiff's Complaint in breach of the Crane Services Agreement.

**SECOND THIRD-PARTY CLAIM**

40. Defendant and third-party plaintiff Weeks Marine repeats and realleges each and every allegation set forth in paragraphs 1 through 39 above, with the same force and effect as if fully set forth at length herein.

41. Under the Crane Services Agreement, Waterson and Weeks Marine agreed to procure and maintain liability insurance and also agreed to name the other as additional insureds on their liability policies (the "insurance provisions").

42. On or about July 30, 2004, Weeks Marine tendered the defense of plaintiff's Complaint against it to Waterson's liability insurers under the insurance provisions of the Crane Services Agreement. Weeks Marine requested that Waterson's liability insurers provide it with immediate notification of their intentions with respect to the tender.

43. Waterson's liability insurers, to date, have not acknowledged Weeks Marine's tender nor have they defended Weeks Marine with respect to plaintiff's Complaint and, accordingly, Waterson has breached its duty to procure and maintain liability insurance for Weeks Marine's benefit as an additional insured on Waterson's liability policies in breach of the insurance provisions of the Crane Services Agreement.

WHEREFORE, defendants and third-party plaintiff Weeks Marine:

A. Demands judgment against Waterson for all sums that may be adjudged against Weeks Marine in favor of plaintiff, plus costs and attorneys fees;

B. Tenders Waterson to plaintiff as the proper defendant pursuant to Rule 14(c) of the Federal Rules of Civil Procedure and demands judgment against Waterson and in favor of plaintiff.

Dated: Red Bank, New Jersey
November 4, 2004

BETANCOURT, VAN HEMMEN, GRECO & KENYON
Attorneys for Defendant Weeks Marine, Inc.

By Ronald Betancourt (RBS)
Ronald Betancourt (RB 5838)
114 Maple Avenue
Red Bank, New Jersey 07701
(732) 530-4646

BALUCH, GIANFRANCESCO, MATHIEU & SZERLAG
Local Counsel for Defendant Weeks Marine, Inc.

By ______________________
David Szerlag
155 South Main Street, Suite 101
Providence, RI 02903
(401) 331-1434

**CERTIFICATION**

I hereby certify that a copy has been sent to the following on the 4th day of November, 2004.

James T. Murphy, Esq.
HANSON CURRAN, LLP
Attorneys for Plaintiff
146 Westminster Street
Providence, Rhode Island 02903
(401) 421-2154

Waterson Stevedoring, Inc.
16 High Point Drive
North Smithfield, Rhode Island 02896

Stephen P. Sheehan, Esq.
WISTOW & BARYLICK, INC.
Attorneys for Provport, Inc.
61 Weybosset Street
Providence, Rhode Island 02903
(401) 831-2700

James H. Reilly, Esq.
KELLY, KELLEHER, REILLY & SIMPSON
Attorneys for Northern Star Marine, Inc.
146 Westminster Street
Fifth Floor
Providence, Rhode Island 02903
(401) 272-1312

KNM 03-333 5/26/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SALVATORE LA TERRA BELLINA<br>Plaintiff,<br><br>v.<br><br>WEEKS MARINE, INC., PROVPORT, INC., NORTHERN STAR MARINE, INC., ABC CORPORATION, JOHN DOE<br>Defendants. | : | C.A. NO. 04- 249-T |

**COMPLAINT**

**A. Parties**

1. Plaintiff, SALVATORE LA TERRA BELLINA, (hereinafter, "Plaintiff") is an individual, who is a resident of the State of Rhode Island.

2. Defendant, PROVPORT, INC., (hereinafter, "PROVPORT") is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business located in Providence, Rhode Island.

3. Defendant, WEEKS MARINE, INC. (hereinafter, "WEEKS MARINE") is a corporation duly organized and existing under the laws of the State of New Jersey, and is registered to do business in the State of Rhode Island. Its principal place of business is located in Cranford, New Jersey.

4. Defendant, NORTHERN STAR MARINE, INC., (hereinafter, "NORTHERN STAR") is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business located in Chepachet, Rhode Island.

5. Defendant, ABC CORPORATION, (hereinafter, "ABC") is a corporation duly organized and existing under the laws of Greece, with its principal place of business located in Greece.

6. Defendant, JOHN DOE, is an individual who is a citizen of Greece.

7. Defendant, WEEKS MARINE, operates, manages, controls, and at all times mentioned in this Complaint, operated, managed and controlled, the vessel, *WEEKS 529*, a vessel under the flag of the United States of America, engaged as a merchant vessel at all relevant times hereto.

8. Defendant, ABC operates, manages, controls, and at all times mentioned in this Complaint, operated, managed and controlled, the vessel, *M/V Oluja*, a vessel under the flag of Greece, engaged as a merchant vessel at all relevant times hereto.

9. Defendant, NORTHERN STAR, is an agent of ABC Corporation and the vessel, *M/V Oluja*.

10. Defendant, PROVPORT, owns, operates and manages the Port of Providence in the City of Providence, State of Rhode Island.

**B. Facts**

11. On or about January 14, 2002, the Plaintiff was a seaman, and a member of the crew of the vessel, *WEEKS 529*.

12. On or about January 14, 2002, the Defendant, ABC and its agents, Defendants NORTHERN STAR and JOHN DOE were doing business in the State of Rhode Island.

13. On or about January 14, 2002, the vessels, *WEEKS 529* and *M/V Oluja* were in navigable waters of the Narragansett Bay.

14. On or about January 14, 2002, the Defendant, ABC, or the Defendant's agents, servants, and/or employees, Defendants NORTHERN STAR and JOHN DOE, controlled the vessel, *M/V Oluja*.

15. On or about January 14, 2002, while aboard the vessel, *WEEKS 529*, in performance of his duties in the service of the vessel, *WEEKS* 529, Plaintiff was holding a rope thrown to him by Defendant, JOHN DOE, a seaman aboard the vessel, *M/V Oluja*.

16. On or about January 14, 2002, the Defendant, JOHN DOE, a seaman aboard the vessel, *M/V Oluja*, suddenly pulled the rope held by Plaintiff, causing Plaintiff to fall from the vessel, *WEEKS 529*, into the waters of the Narragansett Bay.

17. On or about January 14, 2002, while in the performance of his duties in the service of vessel, *WEEKS* 529, the Plaintiff, SALVATORE LA TERRA BELLINA, sustained personal injuries while aboard the vessel, *WEEKS* 529, while it was in navigation and while he was otherwise furthering the mission of *WEEKS* 529, pursuant to the captain of the vessel's, *WEEKS* 529, instructions.

18. The injuries sustained by Plaintiff are severe, permanent and disabling, causing him great pain and suffering and resulting in substantial medical expense, loss of earnings and loss of earning capacity.

19. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, was exercising due care.

**B. Jurisdiction**

20. This case is cognizable under Admiralty and Maritime jurisdiction pursuant to an Act of Congress, known as the Merchant Marine Act, approved by

Congress on June 5, 1920, Section 33, commonly referred to as the Jones Act, 46 U.S.C. §688, and pursuant to the General Maritime Law of the United States of America, and Rhode Island State Law, as hereinafter more fully appears.

21. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

## COUNT I

### Jones Act Negligence

22. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above.

23. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were not caused by any fault on his part but were directly and proximately caused by the negligence of the Defendant, WEEKS MARINE, its agents, servants and/or employees, as a result of the unsafe and unseaworthy conditions of the vessel, *WEEKS* 529, and the negligence and lack of attention of the Defendant, WEEKS MARINE, acting through its agents, servants and/or employees.

24. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

25. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. §688.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against Defendant, WEEKS MARINE, together with interest and costs.

**COUNT II**

**General Maritime Law – Unseaworthiness**
**Weeks Marine, Inc.**

26. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above and repeats and realleges all of the foregoing paragraphs of Count I with the same force and effect as if herein set forth at length, and in addition thereto alleges:

27. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the unseaworthiness of the *WEEKS* 529.

28. Pursuant to the General Maritime Law of the United States of America, Defendant, WEEKS MARINE, had the absolute and non-delegable duty to provide Plaintiff with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

29. The Defendant's vessel, *WEEKS* 529, was unseaworthy by reason of the aforesaid facts alleged in paragraph 23 in that Defendant WEEKS MARINE:

a. failed to install permanent or temporary railings which would have prevented Plaintiff from falling into the waters of the Narragansett Bay;

b. failed to maintain the deck of the vessel, *WEEKS* 529, free and clear of debris which caused the Plaintiff to fall in the waters of Narragansett Bay; and

c. failed to provide safety equipment on the vessel, *WEEKS* 529, which would have been used to protect, save or retrieve the Plaintiff when he fell into the waters of the Narragansett Bay.

30. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the unseaworthiness of the vessel, *WEEKS* 529, as delineated in paragraph 29.

31. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, WEEKS MARINE, INC., together with interest and costs.

**COUNT III**

**Negligence - ProvPort, Inc.**

32. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above and repeats and realleges all of the foregoing paragraphs of Count I and Count II with the same force and effect as if herein set forth at length, and in addition thereto alleges:

33. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant PROVPORT.

34. Defendant PROVPORT was negligent by reason of the aforesaid facts in that Defendant PROVPORT:

a. failed to provide safety equipment and permanent or temporary ladders at the Port of Providence and its surrounding docks; and

b. failed to maintain proper lighting at the Port of Providence, its surrounding docks and adjacent waterways.

35. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of PROVPORT as delineated in paragraph 34.

36. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, PROVPORT, INC., together with interest and costs.

**COUNT IV**

**Negligence - ABC Corporation**

37. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above and repeats and realleges all of the foregoing paragraphs of Counts I, II, and III with the same force and effect as if herein set forth at length, and in addition thereto alleges:

38. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant ABC.

39. Defendant ABC was negligent by reason of the aforesaid facts in that Defendant ABC failed to use due care under the circumstances, when permitting its employee, Defendant JOHN DOE, to pull on a rope without warning to the Plaintiff.

40. Said failure of due care by Defendant ABC and Defendant JOHN DOE caused the Plaintiff, who was holding onto the opposite end of the rope, to fall into the waters of Narragansett Bay and suffer injuries.

41. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of ABC as delineated in paragraphs 39 and 40.

42. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, ABC CORPORATION, together with interest and costs.

## COUNT V

### Negligence - Northern Star Marine, Inc.

43. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above and repeats and realleges all of the

foregoing paragraphs of Counts I, II, III, and IV with the same force and effect as if herein set forth at length, and in addition thereto alleges:

44. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant NORTHERN STAR.

45. Defendant NORTHERN STAR was negligent as an agent of ABC by reason of the aforesaid facts in that Defendant NORTHERN STAR failed to use due care under the circumstances, when permitting its employee, Defendant JOHN DOE, to pull on a rope without warning to the Plaintiff.

46. Said failure of due care by Defendant NORTHERN STAR and Defendant JOHN DOE caused the Plaintiff, who was holding onto the opposite end of the rope, to fall into the waters of Narragansett Bay and suffer injuries.

47. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of NORTHERN STAR as delineated in paragraphs 45 and 46.

48. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, NORTHERN STAR MARINE, INC., together with interest and costs.

## COUNT VI

### Negligence - John Doe

49. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the allegations set forth in paragraphs 1 through 21 above and repeats and realleges all of the foregoing paragraphs of Counts I, II, III, IV, and V with the same force and effect as if herein set forth at length, and in addition thereto alleges:

50. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant JOHN DOE.

51. Defendant JOHN DOE was negligent by reason of the aforesaid facts in that Defendant JOHN DOE failed to use due care under the circumstances, when he pulled on a rope without warning to the Plaintiff.

52. Said failure of due care by Defendant JOHN DOE caused the Plaintiff, who was holding onto the opposite end of the rope, to fall into the waters of Narragansett Bay and suffer injuries.

53. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of JOHN DOE as delineated in paragraphs 51 and 52.

54. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, JOHN DOE, together with interest and costs.

Plaintiff
SALVATORE LA TERRA BELLINA
By his Attorneys,

HANSON CURRAN LLP

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

Plaintiff hereby claims a trial by jury and designates James T. Murphy as trial attorney.