KNM 03-333 3/29/05

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SALVATORE LA TERRA BELLINA<br>Plaintiff,<br><br>v.<br><br>WEEKS MARINE, INC., PROVPORT, INC., NORTHERN STAR MARINE, INC., ABC CORPORATION, JOHN DOE<br>Defendants. | : | C.A. NO. 04-249T |
| WEEKS MARINE, INC.<br><br>Third Party Plaintiff,<br><br>v.<br><br>WATERSON STEVEDORING, INC.<br><br>Third Party Defendant. | : | |

## MOTION TO AMEND COMPLAINT

Now comes Plaintiff, Salvatore La Terra Bellina, and hereby moves for leave to amend his Complaint in the form and manner attached hereto as Exhibit "A". Specifically, Plaintiff seeks to add a claim of negligence under General Maritime Law and/or Common Law against Weeks Marine, Inc. as this claim was inadvertently left out of the original complaint. In light of evidence disclosed during pre-trial discovery, these changes in pleading should be made and the motion to amend should be granted pursuant to the provisions of Rule 15(a) of the Rules of Civil Procedure.

23

WHEREFORE, Salvatore La Terra Bellina, respectfully requests this Court grant him leave to amend his Complaint in the form attached hereto as Exhibit "A".

Plaintiff,
SALVATORE LA TERRA BELLINA
By his Attorneys,

HANSON CURRAN LLP

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

**PROOF OF SERVICE**

I hereby certify that I mailed a copy of the within document on this 5th day of April, 2005, to Stephen P. Sheehan, Esq., **WISTOW & BARYLICK, INC.**, 61 Weybosset Street, Providence, RI 02903; David Szerlag, **BALUCH, GIANFRANCESCO, MATHIEU & SZERLAG**, 255 South Main Street, Suite 101, Providence, RI 02903-2963; Ronald Betancourt, Esq., **BETANCOURT, VAN HEMMEN, GRECO & KENYON**, 114 Maple Avenue, Rebank, NJ 07701; and James Reilly, Esq., **KELLY KELLEHER REILLY & SIMPSON**, 146 Westminster Street, Fifth Floor, Providence, RI 02903.

Hanson Curran LLP

KNM 03-333 3/29/05

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SALVATORE LA TERRA BELLINA<br>Plaintiff,<br><br>v.<br><br>WEEKS MARINE, INC., PROVPORT, INC., NORTHERN STAR MARINE, INC., ABC CORPORATION, JOHN DOE<br>Defendants. | : | C.A. NO. 04-249T |
| WEEKS MARINE, INC.<br><br>Third Party Plaintiff,<br><br>v.<br><br>WATERSON STEVEDORING, INC.<br><br>Third Party Defendant. | : | |

**AMENDED COMPLAINT**

**A. Parties**

1. Plaintiff, SALVATORE LA TERRA BELLINA, (hereinafter, "Plaintiff") is an individual, who is a resident of the State of Rhode Island.

2. Defendant, WEEKS MARINE, INC. (hereinafter, "WEEKS MARINE") is a corporation duly organized and existing under the laws of the State of New Jersey, and is registered to do business in the State of Rhode Island. Its principal place of business is located in Cranford, New Jersey.

3. Defendant, PROVPORT, INC., (hereinafter, "PROVPORT") is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business located in Providence, Rhode Island.

4. Defendant, NORTHERN STAR MARINE, INC., (hereinafter, "NORTHERN STAR") is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business located in Chepachet, Rhode Island.

5. Defendant, ABC CORPORATION, (hereinafter, "ABC") is a corporation duly organized and existing under the laws of Greece, with its principal place of business located in Greece.

6. Defendant, JOHN DOE, is an individual who is a citizen of Greece.

7. Defendant, WEEKS MARINE, operates, manages, controls, and at all times mentioned in this Complaint, operated, managed and controlled, *WEEKS 529*, a vessel under the flag of the United States of America, engaged as a merchant vessel at all relevant times hereto.

8. Defendant, ABC operates, manages, controls, and at all times mentioned in this Complaint, operated, managed and controlled, the vessel, *M/V Oluja*, a vessel under the flag of Greece, engaged as a merchant vessel at all relevant times hereto.

9. Defendant, NORTHERN STAR, is a shipping agent of ABC Corporation and the vessel, *M/V Oluja*.

10. Defendant, PROVPORT, owns, operates and manages the Port of Providence in the City of Providence, State of Rhode Island.

## B. Facts

11. On or about January 14, 2002, the Plaintiff was a seaman working aboard the vessel, *WEEKS 529*.

12. On or about January 14, 2002, the Defendant, ABC and its agents, Defendants NORTHERN STAR and JOHN DOE were doing business in the State of Rhode Island.

13. On or about January 14, 2002, the vessels, *WEEKS 529* and *M/V Oluja* were in navigable waters of the Narragansett Bay.

14. On or about January 14, 2002, the Defendant, ABC, or the Defendant's agents, servants, and/or employees, Defendants NORTHERN STAR and JOHN DOE, controlled the vessel, *M/V Oluja*.

15. On or about January 14, 2002, in the service of and in performance of his duties while aboard the *WEEKS 529*, Plaintiff caught and was holding a rope thrown to him by Defendant, JOHN DOE, a seaman aboard the vessel, *M/V Oluja*.

16. On or about January 14, 2002, the Defendant, JOHN DOE, a seaman aboard the vessel, *M/V Oluja*, suddenly pulled the rope held by Plaintiff, causing Plaintiff to fall from the vessel, *WEEKS 529*, into the waters of the Narragansett Bay.

17. On or about January 14, 2002, while in the performance of his duties in the service of vessel, *WEEKS* 529, the Plaintiff, SALVATORE LA TERRA BELLINA, sustained personal injuries while aboard the vessel, *WEEKS* 529, while he was otherwise furthering the mission of *WEEKS* 529.

18. The injuries sustained by Plaintiff are severe, permanent and disabling, causing him great pain and suffering and resulting in substantial medical expense, loss of earnings and loss of earning capacity.

19. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, was exercising due care.

**C. Jurisdiction**

20. This case is cognizable under Admiralty and Maritime jurisdiction pursuant to an Act of Congress, known as the Merchant Marine Act, approved by Congress on June 5, 1920, Section 33, commonly referred to as the Jones Act, 46 U.S.C. §688, and pursuant to the General Maritime Law of the United States of America, and Rhode Island State Law, as hereinafter more fully appears.

21. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

**COUNT I**

**Jones Act Negligence – Weeks Marine, Inc.**

22. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the averments set forth in paragraphs 1 through 21 above.

23. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were not caused by any fault on his part but were directly and proximately caused by the negligence of the Defendant, WEEKS MARINE, its agents, servants and/or employees, as a result of the unsafe and unseaworthy conditions of the

vessel, *WEEKS* 529, and the negligence and lack of attention of the Defendant, WEEKS MARINE, acting through its agents, servants and/or employees.

24. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

25. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. §688.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against Defendant, WEEKS MARINE, together with interest and costs.

## COUNT II

### General Maritime Law – Unseaworthiness
### Weeks Marine, Inc.

26. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the averments set forth in paragraphs 1 through 21 above and repeats and reavers all of the foregoing paragraphs of Count I with the same force and effect as if herein set forth at length, and in addition thereto avers:

27. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the unseaworthiness of the *WEEKS* 529.

28. Pursuant to the General Maritime Law of the United States of America, Defendant, WEEKS MARINE, had the absolute and non-delegable duty to provide

Plaintiff with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

29. The Defendant's vessel, *WEEKS* 529, was unseaworthy by reason of the aforesaid facts in that Defendant WEEKS MARINE:

a. failed to install permanent or temporary railings which would have prevented Plaintiff from falling into the waters of the Narragansett Bay; and

b. failed to provide safety and life saving equipment on the vessel, *WEEKS* 529, which would have been used to protect, save or retrieve the Plaintiff when he fell into the waters of the Narragansett Bay.

30. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the unseaworthiness of the vessel, *WEEKS* 529, as delineated in paragraph 29.

31. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, WEEKS MARINE, INC., together with interest and costs.

**COUNT III**

**Negligence under General Maritime Law – Weeks Marine, Inc.**

32. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the averments set forth in paragraphs 1 through 21 above and repeats and reavers all of the foregoing paragraphs of Counts I and II with the same force and effect as if herein set forth at length, and in addition thereto avers:

33. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Weeks Marine, Inc.

34. Pursuant to the General Maritime Law of the United States of America, Defendant, WEEKS MARINE, had the absolute and non-delegable duty to provide Plaintiff with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

35. The Defendant Weeks Marine, Inc. was negligent in that it:

a. failed to install permanent or temporary railings which would have prevented Plaintiff from falling into the waters of the Narragansett Bay; and

b. failed to provide safety and life saving equipment on the vessel, *WEEKS* 529, which would have been used to protect, save or retrieve the Plaintiff when he fell into the waters of the Narragansett Bay.

36. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of Weeks Marine, Inc., as delineated in paragraph 35.

37. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, WEEKS MARINE, INC., together with interest and costs.

**COUNT IV**

**Negligence under General Maritime Law - ProvPort, Inc.**

38. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the averments set forth in paragraphs 1 through 21 above and repeats and reavers all of the foregoing paragraphs of Counts I, II, and III with the same force and effect as if herein set forth at length, and in addition thereto avers:

39. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant PROVPORT.

40. Defendant PROVPORT was negligent by reason of the aforesaid facts in that Defendant PROVPORT:

a. failed to provide safety and life saving equipment and permanent or temporary ladders at the Port of Providence and its surrounding docks; and

b. failed to maintain proper lighting at the Port of Providence, its surrounding docks and adjacent waterways.

41. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of PROVPORT as delineated in paragraph 34.

42. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, PROVPORT, INC., together with interest and costs.

## COUNT V

### Negligence under General Maritime Law - ABC Corporation

43. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the averments set forth in paragraphs 1 through 21 above and repeats and reavers all of the foregoing paragraphs of Counts I, II, III and IV with the same force and effect as if herein set forth at length, and in addition thereto avers:

44. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant ABC.

45. Defendant ABC was negligent by reason of the aforesaid facts in that Defendant ABC failed to use due care under the circumstances, when permitting its employee, Defendant JOHN DOE, to pull on a rope without warning to the Plaintiff.

46. Said failure of due care by Defendant ABC and Defendant JOHN DOE caused the Plaintiff, who was holding onto the opposite end of the rope, to fall into the waters of Narragansett Bay and suffer injuries.

47. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of ABC as delineated in paragraphs 39 and 40.

48. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, ABC CORPORATION, together with interest and costs.

**COUNT VI**

**Negligence under General Maritime Law - Northern Star Marine, Inc.**

49. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the averments set forth in paragraphs 1 through 21 above and repeats and reavers all of the

foregoing paragraphs of Counts I, II, III, IV and V with the same force and effect as if herein set forth at length, and in addition thereto avers:

50. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant NORTHERN STAR.

51. Defendant NORTHERN STAR was negligent as an agent of ABC by reason of the aforesaid facts in that Defendant NORTHERN STAR failed to use due care under the circumstances, when permitting its employee, Defendant JOHN DOE, to pull on a rope without warning to the Plaintiff.

52. Said failure of due care by Defendant NORTHERN STAR and Defendant JOHN DOE caused the Plaintiff, who was holding onto the opposite end of the rope, to fall into the waters of Narragansett Bay and suffer injuries.

53. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of NORTHERN STAR as delineated in paragraphs 45 and 46.

54. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, NORTHERN STAR MARINE, INC., together with interest and costs.

## COUNT VII

### Negligence under General Maritime Law - John Doe

55. The Plaintiff, SALVATORE LA TERRA BELLINA, reiterates the averments set forth in paragraphs 1 through 21 above and repeats and reavers all of the foregoing paragraphs of Counts I, II, III, IV, V and VI with the same force and effect as if herein set forth at length, and in addition thereto avers:

56. The personal injuries sustained by the Plaintiff, SALVATORE LA TERRA BELLINA, were due to no fault of his, but were caused by the negligence of Defendant JOHN DOE.

57. Defendant JOHN DOE was negligent by reason of the aforesaid facts in that Defendant JOHN DOE failed to use due care under the circumstances, when he pulled on a rope without warning to the Plaintiff.

58. Said failure of due care by Defendant JOHN DOE caused the Plaintiff, who was holding onto the opposite end of the rope, to fall into the waters of Narragansett Bay and suffer injuries.

59. The injuries sustained by Plaintiff, SALVATORE LA TERRA BELLINA, were the direct and proximate result of the negligence of JOHN DOE as delineated in paragraphs 51 and 52.

60. As a result of said injuries, the Plaintiff, SALVATORE LA TERRA BELLINA, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, SALVATORE LA TERRA BELLINA, demands judgment against the Defendant, JOHN DOE, together with interest and costs.

Plaintiff
SALVATORE LA TERRA BELLINA
By his Attorneys,

HANSON CURRAN LLP

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

Plaintiff hereby claims a trial by jury and designates James T. Murphy as trial attorney.

**PROOF OF SERVICE**

I hereby certify that I mailed a copy of the within document on this ____ day of April, 2005, to Stephen P. Sheehan, Esq., **WISTOW & BARYLICK, INC.**, 61 Weybosset Street, Providence, RI 02903; David Szerlag, **BALUCH, GIANFRANCESCO, MATHIEU & SZERLAG**, 255 South Main Street, Suite 101, Providence, RI 02903-2963; Ronald Betancourt, Esq., **BETANCOURT, VAN HEMMEN, GRECO & KENYON**, 114 Maple Avenue, Rebank, NJ 07701; and James Reilly, Esq., **KELLY KELLEHER REILLY & SIMPSON**, 146 Westminster Street, Fifth Floor, Providence, RI 02903.

Hanson Curran LLP