UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SALVATORE LA TERRA BELLINA,

VS.

Civil Action No. 04-249 -T

WEEKS MARINE, INC., PROVPORT, INC.,
NORTHERN STAR MARINE, INC.,:
ABC CORPORATION, JOHN DOE,

**DEFENDANT WEEKS MARINE, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Now comes the Defendant Weeks Marine, Inc. and hereby objects to plaintiff's Motion for Leave to Amend Complaint based upon the memorandum of law attached hereto.

Defendant Weeks Marine, Inc.
By and through their Local Counsel,

David J. Szerlag, Esq. (# 4261)
Baluch Gianfrancesco Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, Rhode Island 02903
(401) 331-1434

Defendant Weeks Marine, Inc.
By and through their Attorney,

Ronald Betancourt (admitted pro hac vice)
Virgina A. Harper (admitted pro hac vice)
114 Maple Avenue
Red Bank, New Jersey 07701

24

**CERTIFICATION**

I hereby certify that a copy has been sent to the following on the 26th day of April, 2005.

Jodi A. Lucero

James T. Murphy, Esq.
HANSON CURRAN, LLP
Attorneys for Plaintiff
146 Westminster Street
Providence, Rhode Island 02903
(401) 421-2154

Waterson Stevedoring, Inc.
16 High Point Drive
North Smithfield, Rhode Island 02896

Stephen P. Sheehan, Esq.
WISTOW & BARYLICK, INC.
Attorneys for Provport, Inc.
61 Weybosset Street
Providence, Rhode Island 02903
(401) 831-2700

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

------------------------------------------------------X
SALVATORE LA TERRA BELLINA, :

Civil Action No. 04-249 (ECT)

Plaintiff, :

-against-

WEEKS MARINE, INC., PROVPORT, INC., NORTHERN STAR MARINE, INC., ABC CORPORATION, JOHN DOE, :

Defendants. :
------------------------------------------------------X
WEEKS MARINE, INC. :

Third-Party Plaintiff, :

-against- :

WATERSON STEVEDORING, INC. :

Third-Party Defendant. :
------------------------------------------------------X

**MEMORANDUM OF LAW OF DEFENDANT**
**WEEKS MARINE, INC. IN OPPOSITION TO**
**<u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

BETANCOURT, VAN HEMMEN, GRECO & KENYON
Attorneys for Defendant Weeks Marine, Inc.
Ronald Betancourt (admitted pro hac vice)
Virginia A. Harper (admitted pro hac vice)
114 Maple Avenue
Red Bank, New Jersey 07701
Tel No. (732) 530-4646
Fax No. (732) 530-9536

BALUCH, GIANFRANCESCO, MATHIEU & SZERLAG
Local Counsel for Defendant Weeks Marine, Inc.
David Szerlag
R. I. Bar ID #4261
155 South Main Street, Suite 101
Providence, RI 02903
Tel No.: (401) 331-1434
Fax No.: (401) 351-9653

Defendant Weeks Marine, Inc. ("Weeks"), by its attorneys, Betancourt, Van Hemmen, Greco & Kenyon, and its local counsel, Baluch, Gianfrancesco, Mathieu & Szerlag, submits this Memorandum of Law in opposition to plaintiff's motion to amend his complaint. Weeks will also rely upon the Declaration of Ronald Betancourt submitted herewith.

## STATEMENT OF FACTS

Weeks operates a non-self-propelled-floating crane work platform, the *WEEKS 529*. On January 14, 2002, the *WEEKS 529* was moored to a pier at Providence Harbor. Plaintiff alleges that on that date, he was standing on the *WEEKS 529* to assist another vessel, the *M/V OLUJA*, to dock at the pier. A crew member of the *M/V OLUJA* threw plaintiff a line. Someone jerked on the line, and plaintiff fell into Narragansett Bay. At that time, plaintiff was a longshoreman employed by Waterson Stevedoring, Inc.[1] Plaintiff has not sued the operator of the *M/V OLUJA*.

On or about June 24, 2004, plaintiff filed a complaint allegedly arising from the January 14, 2002 incident. Plaintiff sued Weeks, among others, under the Jones Act, 46 U.S.C. §688 and under General Maritime Law for unseaworthiness, alleging that he was a seaman and a member of the crew of the *WEEKS 529*. These factual allegations are false.

Weeks answered the complaint on November 4, 2004. On January 10, 2005, the Court held an initial conference attended by all counsel. At the conference, Weeks stated its intention to move for summary judgment against plaintiff because he was neither a seaman nor an employee of Weeks and therefore, plaintiff's claims against Weeks fail as a matter of law. Weeks then asked the Court's permission to serve discovery on the issue of plaintiff's seaman and employment status to prepare for a summary judgment motion to dismiss these claims. The January 10 conference resulted in a

[1] Plaintiff has not asserted a claim against Waterson in this action because he is pursuing a worker's compensation claim against that entity.

Pre-Trial Order of even date. Paragraph 4 of the Pre-Trial Order requires the parties to move to amend their pleadings "promptly after counsel discovers, or should have discovered, the basis for such motions."

Discovery proceeded. Weeks served plaintiff with limited interrogatories and document demands, which were answered on or about March 22, 2005. Plaintiff's discovery responses confirmed that he was neither a Weeks employee nor a seaman. On March 23, 2005, at a settlement conference attended by Plaintiff's counsel and Weeks' counsel, Weeks again stated that it would move for summary judgment to dismiss plaintiff's claims.

On April 5, 2005, plaintiff moved to amend the complaint. The proposed amended complaint contains a new claim against Weeks for negligence under the Rhode Island common law and/or the federal General Maritime Law and includes two new factual allegations:

1. Weeks was negligent in that it failed to install permanent or temporary railings which would have prevented plaintiff from falling into Narrangansett Bay; and

2. Weeks was negligent in that it failed to provide safety and life saving equipment on the *WEEKS 529*, which could have been used to protect, save, or retrieve the Plaintiff when he fell into Narragansett Bay.

Plaintiff submits no affidavit or brief in support of its motion, relying solely on bare assertions. As set forth below, plaintiff's motion should be denied.

## ARGUMENT

## POINT ONE

### Plaintiff Should Not Be Allowed to Amend His Complaint to Add a New Claim Alleging New Facts.

Trial courts have broad discretion to decide motions to amend the pleadings. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). While the Fed. R. Civ. P. 15 states that

"leave [to amend] shall be freely given where justice so requires, the [federal] rules do not require the Court to carry a rubber stamp." Almeida v. United Steelworkers of America Intern. Union, AFL-CIO, 50 F.Supp.2d 115, 120 (D. R. I. 1999).

Amendments may be disallowed for reasons such as undue delay, bad faith, dilatory motive on behalf of the movant, futility of amendment, or prejudice to the other parties. See Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995); Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996). A district court's decision to deny leave to amend pursuant to Rule 15(a) on these grounds will not be found to be an abuse of its discretion. See In re Stone & Webster, Inc., Securities Litigation, 217 F.R.D. 96, 98 (D. Mass. 2003).

Further, "where considerable time has elapsed between the filing of the complaint and the motion to amend, the *movant* has the burden of showing some 'valid reason for his neglect and delay.'" Grant v. News Group Boston, Inc., 55 F.3d at 6, citing Stephanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983).

These principles compel the disallowance of plaintiff's proposed amendment. Not only has plaintiff failed to explain his undue delay in moving to amend, but amendment will be futile.

**POINT TWO**

**Plaintiff's Motion Should Be Denied for Undue Delay.**

Parties seeking the benefit of Rule 15(a)'s liberality must exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment. Walton v. Nalco Chemical Co., 272 F.3d 13, 19 (1st Cir. 2001), citing Quaker State Oil Ref. Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1517 (1st Cir. 1989) (amendments may be denied where movant's delay is unexplained.)

The present plaintiff failed to exercise due diligence in pursuing his common law negligence claim against Weeks. Plaintiff filed his complaint in June of 2004. He waited nearly ten months to file the present motion to amend the complaint to assert the new negligence claim. The facts alleged in the proposed amended complaint are the same as those in the original complaint, except that the new cause of action for negligence against Weeks contains allegations concerning the lack of railings and safety equipment on the *WEEKS 529*. The facts known to plaintiff at the time of the original filing gave rise to the proposed negligence cause of action.

Moreover, plaintiff learned of Weeks' intention to file a summary judgment motion to dismiss plaintiff's claims for Jones Act negligence and unseaworthiness at two conferences in this matter. The first conference was held on January 10, 2005. Plaintiff waited nearly four months after first learning of Weeks' intentions to attempt to amend the complaint. Plaintiff's behavior in connection with this amendment has not been diligent.

A nearly one-year delay in amending a pleading amply justifies the denial of the amendment. The United States Court of Appeals for the First Circuit have held that similar delays in filing a motion to amend are undue and justify the denial of a motion to amend. See Hayes v. New England Millwork Distrib., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979); Grant v. News Group Boston, Inc., 55 F.3d at 6.

Late amendments to assert new theories are not viewed favorably when the facts and the theory have been known to the party seeking the amendment since the inception of the case. Williams v. UMG Recordings, Inc., 281 F.Supp.2d 1177, 1186 (C.D. Cal. 2003), citing Acri v. Int'l Assn. of Machinists and Aerospace Workers, 781 F.2d 1393, 198 (9th Cir. 1986). Here, plaintiff could have asserted the proposed negligence claim against Weeks in its initial complaint. There

were no new facts germane to this cause of action revealed during discovery in this matter. These facts justify the denial of plaintiff's motion to amend. See Paxtuxet Cove Marina, Inc. v. Ciba-Geigy Corp., 807 F.2d 1089, 1094 (1st Cir. 1986)(Denial of motion for leave to amend affirmed where plaintiff sought to amend a new theory of liability based on facts long known to it before it filed motion to amend).

Undue delay alone makes denial of plaintiff's motion to amend appropriate. However, a consideration of the other factors considered under Rule 15(a), coupled with this factor, mandates the disallowance of the amendment.

## POINT THREE

**Plaintiff's Motion for Leave to Amend Should Be Denied Because He Has Not and Cannot Offer an Explanation to Justify His Undue Delay in Bringing this Motion.**

"Where considerable time has elapsed between the filing of the complaint and the motion to amend, the *movant* has the burden of showing some 'valid reason for his neglect and delay.'" Grant v. News Group Boston, Inc., 55 F.3d at 6; United States Investment and Development Corp., 780 F.2d 166, 168 (1st Cir. 1986). The applicable case law reveals that the delay in this case is at best considerable. See Grant v. News Group Boston, Inc., 55 F.3d at 6. Therefore, plaintiff has the burden of showing a valid reason for his neglect and delay in attempting to add the new claim against Weeks. Failure to explain untimeliness supports the denial of a motion for leave to amend. See Little v. Tall, 195 F.Supp.2d 199, 200 (D. Maine 2002).

Plaintiff has not and cannot meet his burden in this case. In his motion, plaintiff makes two logically inconsistent statements germane to the issue of the timing of the motion. Plaintiff states that such a claim was inadvertently left out of the original complaint. Plaintiff also states that

evidence disclosed during pre-trial discovery justify the amendments.

If plaintiff inadvertently omitted the subject claim from the initial complaint, then plaintiff impliedly concedes that he knew or should have known of the common law negligence claim at the time of the filing of the initial complaint. This position is consistent with the facts alleged in the original complaint. However, this is not a valid reason for waiting nearly a year to file the motion to amend. On January 10, 2005, at a conference in this case, plaintiff learned that defendant would move to dismiss the maritime causes of action against it. Plaintiff should have then realized that he should amend his complaint to assert common law negligence. Plaintiff's attention was again drawn to this issue on March 23, 2005 at a settlement conference in this matter. Inadvertence simply cannot justify the delay in this matter based on these facts. Indeed, long-standing knowledge of the information upon which a late-filed motion for leave to amend is based leads to the denial of the motion to amend. See Little v. Tall, 195 F.Supp.2d 199, 200 (D. Maine 2002).

Plaintiff's bald statement that new evidence was disclosed during discovery in this matter also fails to justify the amendment. First, plaintiff has not served discovery on Weeks in this matter. Second, assuming plaintiff learned any evidence at all regarding the alleged negligence of Weeks during discovery in this matter, it would only supplement the information plaintiff already knew at the time that plaintiff filed the original complaint.

Most notably, plaintiff has failed to identify the alleged evidence disclosed during pre-trial discovery that supposedly justifies an amendment here. Such a failure to identify newly discovered evidence allegedly supporting an amendment is grounds for denial of a motion to amend. See In re Stone & Webster, Inc., Securities Litigation, 217 F.R.D.96, 97-98 (D. Mass. 2003)(Plaintiff's motion for leave to amend denied because plaintiff unduly delayed in filing the proposed complaint

and because the alleged newly discovered evidence was neither newly discovered nor properly identified by plaintiff).

Both of the statements made by plaintiff relevant to the timing of this motion are bald assertions in a motion unsupported by affidavit. Naked assertions such as these are insufficient to satisfy plaintiff's burden of proving that leave to amend should be granted. See Walton v. Nalco Chemical Co., 272 F.3d 13, 20 (1st Cir. 2001).

Having failed to submit any competent evidence supporting a valid explanation for the delay in making his motion to amend, plaintiff's motion should be denied.

**POINT FOUR**

**Plaintiff's Motion for Leave to Amend Should Be Denied Because Amendment Is Futile.**

The Court may deny leave to amend where it finds the amendment to be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Maldonado v. Dominguez, 137 F.3d 1, 11 (1st Cir. 1998). Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). "In reviewing for futility, the Court applies the same standard of legal sufficiency as applied to a Rule 12(b)(6) motion." Id.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) admits the well-pleaded allegations of the complaint, but denies their legal sufficiency. The complaint must be construed in favor of the plaintiff with every doubt being resolved in plaintiff's favor. A case should not be dismissed unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. Kern v. Peck, 184 F.R.D. 56, 58 (M.D. Pa. 1998).

Under Rule 12(b)(6) standard, plaintiff's proposed amendment of the complaint to assert a

claim for common law negligence is futile. As alleged in both the original complaint and the proposed amended complaint, the accident upon which plaintiff sues allegedly occurred on January 14, 2002. There is a three-year statute of limitation both for personal injury under Rhode Island law, R.I.G.L. 9-1-14, and for negligence under the General Maritime Law, 46 U.S.C. App. §763(a). Under either theory, plaintiff's claim is time-barred.

The case of Kern v. Peck, 184 F.R.D. 56 (M.D. Pa. 1998), is instructive here. In that case, a plaintiff asserting a medical malpractice claim sought to amend her complaint to bring a breach of contract claim against the doctors based on the same set of operative facts alleged in the original complaint. The contract cause of action alleged that the defendant doctors breached the contract by failing to provide timely and skillful care as promised.

The trial court found that the proposed amendment really was a personal injury claim, and that the proposed amendment was time-barred under the corresponding statute of limitations. Based on these rulings, the court denied the motion for leave to amend as futile.

The present case is analogous to the Kern decision. In both cases, plaintiff moved for leave to amend the complaint to assert a new theory of liability based on the same facts alleged in the original complaint. Like the proposed claim in the Kern matter, the proposed claim in the case at bar is time-barred. Thus, the teaching of the Kern case is that the proposed amendment is futile.

## POINT FIVE

**Plaintiff's Motion for Leave to Amend is Merely a Reaction to Defendant's Intended Summary Judgment Motion.**

Where a motion to amend comes after a motion for summary judgment is under advisement, the motion for leave to amend could be viewed as an attempt to avoid an adverse ruling on summary judgment. Kennedy v. Josephthal & Co., 814 F.2d 798, 806 (1st Cir. 1987). This characterization

buttresses the denial of a motion for leave to amend. See id.

On two occasions prior to this motion, Weeks stated that it would move for summary judgment on the Jones Act and unseaworthiness claims against it. Thus, it is fair to characterize plaintiff's subsequent motion to amend as an attempt to avoid dismissal on summary judgment.

In Kennedy v. Josephthal & Co., 814 F.2d 798, 806 (1st Cir. 1987), the First Circuit affirmed the denial of a motion for leave to amend a complaint where the proposed amendment followed defendant's announcement that it would file a summary judgment motion. The Court determined that the trial court's decision to deny the motion to amend was justified by this posture, along with the fact, *inter alia*, that the additional allegations contained no newly discovered evidence or facts of a different character that would change plaintiff's basic claims. Id. As the Kennedy case is controlling precedent here, plaintiff's motion should be denied.

## POINT SIX

### Plaintiff's Motion for Leave to Amend Should Be Denied Because Defendant Will Be Prejudiced.

Weeks will be prejudiced if plaintiff's motion is granted. Based on its belief that plaintiff's only claims against it sound in Jones Act negligence and unseaworthiness, defendant formulated discovery seeking evidence to support its defenses to those claims. At least five months into discovery, plaintiff's now seek to shift theories of liability -- despite the fact that the new theory was or should have been known to plaintiff at the time of filing the initial complaint in this action. Weeks should not be forced to incur the additional expense and delay associated with plaintiff's recasting of its theory of liability to sidestep plaintiff's motion for summary judgment.

To deny plaintiff's motion, it is not necessary to find that Weeks would be prejudiced. "Prejudice, or lack thereof, is only one issue to be weighed in considering whether an amendment

is appropriate. 'A finding that the nonmoving party would not be prejudiced by an untimely amendment does not compel a determination that the amendment is appropriate.'" Kenda Corporation, Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 232 (1st Cir. 2003), citing United States v. Davis, 261 F.3d 1, 59 (1st Cir. 2001). Thus, even if the Court does not find prejudice here, the foregoing analysis compels the Court to exercise its discretion to disallow plaintiff's motion for leave to amend.

## CONCLUSION

For the foregoing reasons, defendant Weeks Marine, Inc. respectfully requests this Court to deny plaintiff's motion to amend the complaint, and for all such other and further relief that the Court deems just and proper.

Dated: April 25, 2005

BETANCOURT, VAN HEMMEN, GRECO & KENYON
Attorneys for Defendant Weeks Marine, Inc.

By ______________________________
Ronald Betancourt (admitted pro hac vice)
Virginia A. Harper (admitted pro hac vice)
114 Maple Avenue
Red Bank, New Jersey 07701
Tel No. : (732) 530-4646
Fax No.: (732) 530-9536

BALUCH, GIANFRANCESCO, MATHIEU & SZERLAG
Local Counsel for Defendant Weeks Marine, Inc.

By ______________________________
David Szerlag
R. I. Bar ID #4261
155 South Main Street, Suite 101
Providence, RI 02903
Tel No..: (401) 331-1434
Fax No.: (401) 351-9653