**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---------------------------------------------------X

SALVATORE LA TERRA BELLINA,

Plaintiff,

-against-

WEEKS MARINE, INC., PROVPORT, INC., NORTHERN STAR MARINE, INC., ABC CORPORATION, JOHN DOE,

Defendants.

Civil Action No. 04-249 (ECT)

---------------------------------------------------X

WEEKS MARINE, INC.

Third-Party Plaintiff,

-against-

WATERSON STEVEDORING, INC.

Third-Party Defendant.

---------------------------------------------------X

**DECLARATION OF RONALD BETANCOURT IN OPPOSITION TO <u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

RONALD BETANCOURT, hereby declares, under penalty of perjury:

1. I am a member of the law firm of Betancourt, Van Hemmen, Greco & Kenyon, counsel for defendant Weeks Marine, Inc. ("Weeks") herein. I submit this declaration in opposition to plaintiff's motion for leave to amend the complaint. I have been admitted to the United States District Court for the District of Rhode Island *pro hac vice.*

2. Weeks operates a non-self-propelled-floating crane work platform, the *WEEKS 529.* On January 14, 2002, the *WEEKS 529* was moored to a pier at Providence Harbor.

25

3. Plaintiff alleges that: (1) on January 14, 2002, he was standing on the *WEEKS 529* to assist another vessel, the *M/V OLUJA*, to dock at the pier; (2) a crew member of the *M/V OLUJA* threw plaintiff a line; (3) someone jerked on the line, and plaintiff fell into Narragansett Bay.

4. Plaintiff has admitted that, at the time of the alleged accident, plaintiff was a longshoreman employed by Waterson Stevedoring, Inc. Plaintiff's counsel has indicated that plaintiff is pursuing a worker's compensation claim against that entity.

5. On or about June 24, 2004, plaintiff filed a complaint allegedly arising from the January 14, 2002 incident. Attached as Exhibit 1 is a true and correct copy of Plaintiff's Complaint. Contrary to the assertions in the complaint, plaintiff was neither employed by Weeks Marine, Inc. or a crew member of the *WEEKS 529.*

6. Weeks answered the complaint on November 4, 2004. Attached as Exhibit 2 is a true and correct copy of the answer of Defendant Weeks.

7. On January 10, 2005, the Court held an initial conference in this matter attended by plaintiff's counsel and myself. At the conference, I stated Weeks' intention to move for summary judgment against plaintiff because he was neither a seaman nor an employee of Weeks and therefore, plaintiff's claims against Weeks fail as a matter of law. I then requested the Court's permission to serve discovery on the issue of plaintiff's seaman and employment status to prepare for a summary judgment motion to dismiss these claims, which request was granted.

8. The January 10, 2005 conference resulted in a Pre-Trial Order of even date. Attached as Exhibit 3 is a true and correct copy of the January 10, 2005 Pre-Trial Order. Paragraph 4 of the Pre-Trial Order requires parties to move to amend their pleadings "promptly

after counsel discovers, or should have discovered, the basis for such motions."

9. Limited discovery began after the January 10, 2005 conference in anticipation of a speedy settlement conference. Weeks served plaintiff with limited interrogatories and document demands on the issue of his seaman and his employment status. Plaintiff served answers to the written discovery propounded by Weeks on or about March 22, 2005. Plaintiff's discovery responses revealed that he was neither a Weeks employee nor a seaman.

10. One day later on March 23, 2005, at a settlement conference attended by plaintiff's counsel and my colleague, Virginia Harper, Weeks again stated that it would move for summary judgment to dismiss plaintiff's claims on the grounds that plaintiff was neither a seaman nor an employee of Weeks.

11. To date, plaintiff has not served discovery demands on defendant Weeks.

12. On or about April 5, 2005, plaintiff moved to amend the complaint. The proposed amended complaint, which is attached to plaintiff's motion to amend, contains a new claim against Weeks for negligence under the Rhode Island common law and/or the federal General Maritime Law and includes two new factual allegations:

a. Weeks was negligent in that it failed to install permanent or temporary railings which would have prevented plaintiff from falling into Narrangansett Bay; and

b. Weeks was negligent in that it failed to provide safety and life saving equipment on the *WEEKS 529*, which could have been used to protect, save, or retrieve the Plaintiff when he fell into Narragansett Bay.

13. Weeks will be prejudiced if plaintiff's motion is granted. Based on its belief that plaintiff's only claims against it sound in Jones Act negligence and unseaworthiness, defendant

formulated narrow discovery seeking evidence to support its defenses to those claims. If plaintiff is permitted to amend his complaint, Weeks will have insufficient time to develop and obtain discovery concerning the full breadth of plaintiff's claims for physical and psychological injuries.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed at Red Bank, New Jersey this 25th day of April, 2005.

RONALD BETANCOURT