UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SALVATORE LA TERRA BELLINA, :
Plaintiff, :
:
v. : CA 04-249T
:
WEEKS MARINE, INC., PROVPORT, :
INC., NORTHERN STAR MARINE, INC., :
ABC CORPORATION, JOHN DOE, :
Defendants. :

WEEKS MARINE, INC., :
Third-Party Plaintiff, :
:
v. :
:
WATERSON STEVEDORING, INC. :
Third-Party Defendants. :

**MEMORANDUM AND ORDER**

On June 14, 2005, the court issued an order granting Plaintiff's Motion to Amend Complaint (Document #23) ("Motion" or "Motion to Amend"). See Order Granting Motion to Amend (Document #29). The order stated that a Memorandum and Order explaining the reasons for the ruling would be issued. See id. This is that Memorandum and Order.

**I. Travel**

Plaintiff Salvatore La Terra Bellina ("Plaintiff") filed his Complaint on June 23, 2004. See Complaint (Document #1). Defendant Weeks Marine, Inc. ("Weeks"), was served on July 27, 2004. See Return of Service (Document #2). On September 9, 2004, a stipulation was submitted, giving Weeks until September 29, 2004, to serve an answer or otherwise move with respect to the Complaint. See Stipulation (Document #9). The stipulation was entered on September 15, 2004, by Chief Judge Ernest C.

Torres. See id. A second stipulation was submitted on September 29, 2004, further extending this period until October 21, 2004. See Stipulation (Document #12). Judge Torres entered this stipulation on October 4, 2004. See id. Despite this second extension, Weeks did not file its answer until November 4, 2004, see Answer with Cross-Claims and Third-Party Claims (Document #14), two weeks after the extension had expired, see Stipulation (Document #12).

At a pretrial conference held on January 10, 2005, Weeks stated its intention to move for summary judgment against Plaintiff on the ground that he was neither a seaman nor an employee of Weeks and that, therefore, Plaintiff's claims failed as a matter of law. See Memorandum of Law of Defendant Weeks Marine, Inc.[,] in Opposition to Plaintiff's Motion for Leave to Amend Complaint ("Weeks Mem.") at 1. Following this conference, Weeks served Plaintiff with limited interrogatories and document demands on the issue of his seaman and employment status. See id. at 1-2. Plaintiff's answers to these discovery requests, which were received by Weeks on or about March 22, 2005, confirmed that he was neither a seaman nor a Weeks employee. See id. at 2.

At a settlement conference held on March 23, 2005, counsel for Weeks again stated that it would move for summary judgment on the grounds that Plaintiff was neither a seaman nor an employee of Weeks. See id. Plaintiff filed the instant Motion to Amend on April 5, 2005. According to the docket, a stipulation was submitted on April 19, 2005, allowing Weeks up to and including April 26, 2005, to respond to the Motion. See Stipulation (Document #26). Weeks' objection was filed on April 26, 2005. See Defendant Weeks Marine, Inc.'s Objection to Plaintiff's Motion for Leave to Amend Complaint (Document #24).

The court conducted a hearing on the Motion to Amend on June

13, 2005. As previously noted, the court issued a brief order on June 14, 2005, granting the Motion and stating that a memorandum and order would follow. See Order Granting Motion to Amend.

**Law**

The granting of leave to amend a complaint pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996). The United States Court of Appeals for the First Circuit, noting Rule 15(a)'s admonition that leave to file an amended complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), has cautioned that "unless there appears to be an adequate reason for the denial (e.g., undue delay, bad faith, dilatory motive on the part of the movant, futility of the amendment), we will not affirm the denial," Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995).

**Discussion**

Weeks makes six arguments in opposition to the Motion. See Weeks Mem. at 2-10. First, it contends that Plaintiff is adding a new claim which alleges new facts. See Weeks Mem. at 2. The court does not agree that Plaintiff is alleging new facts. The facts alleged in support of Count III of the proposed Amended Complaint (Negligence under General Maritime Law), see proposed Amended Complaint ¶ 35, are the same facts alleged in support of Count II of the Complaint (General Maritime Law - Unseaworthiness), see Complaint ¶ 29. Indeed, Weeks acknowledges that this is so later in its memorandum. See Weeks Mem. at 6 (observing that Plaintiff's common law negligence claim appears to be "consistent with the facts alleged in the original complaint").

While it is true that the claim of negligence is new, the

acts or omissions which Plaintiff alleges in support of the claim are the same acts or omissions which Plaintiff alleged in support of his claim of unseaworthiness. Compare Proposed Amended Complaint ¶ 35 with Complaint ¶ 29. In addition, the two claims, while different, are not so dissimilar that Weeks may reasonably complain that it is surprised by the additional cause of action. Thus, the court is not persuaded by Weeks' first argument.

Second, Weeks argues that the Motion should be denied for undue delay. See Weeks Mem. at 3-5. Weeks describes the delay as "nearly ten months," id. at 4, and asserts that "[a] nearly one-year delay in amending a pleading amply justifies the denial of the amendment," id. However, the cases cited by Weeks in its memorandum in support of this argument all involved delays longer than the period here. See id. at 4-5 (citing Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995)(fourteen and a half months); Pawtuxet Cove Marina, Inc. v. Ciba-Geigy Corp., 807 F.2d 1089, 1090, 1094 (1st Cir. 1986)(twenty-one months); Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 17 (1st Cir. 1979) (at least 25 months); Williams v. UMG Recordings, Inc., 281 F.Supp.2d 1177, 1179, 1186 (C.D. Cal. 2003)(approximately twenty-seven months)).

In addition, while it is true that Plaintiff filed the instant Motion almost ten months after filing his Complaint, Weeks apparently requested (and received) two extensions from Plaintiff for answering the Complaint.[1] Even with these

---

[1] The second extension expired on October 21, 2004, see Stipulation (Document #12), but Weeks did not file its answer until November 4, 2004, see Answer with Cross-Claims and Third-Party Claims (Document #14). Counsel for Weeks suggested at the June 13, 2005, hearing that Plaintiff preferred that Weeks not answer the case immediately because Plaintiff was pursuing a workmen's compensation claim and the parties were exploring the possibility of settlement. Accepting this as true, the fact remains that Weeks was late in filing its answer, and it could have been defaulted if Plaintiff had so requested.

extensions, Weeks was two weeks late in filing its answer. Given these facts, Weeks is hardly in a position to fault Plaintiff for lack of diligence. See Weeks Mem. at 4 ("Plaintiff's behavior in connection with this amendment has not been diligent."). To the extent that Weeks contends that the delay alone makes it appropriate to deny the Motion, see id. at 5, the court rejects this argument because the delay here is less than that in the cases cited by Weeks and because Weeks has itself contributed to that delay.

Third, Weeks argues that Plaintiff has not offered an explanation for the delay in bringing this Motion. See id. At the June 13, 2005, hearing Plaintiff's counsel indicated that Plaintiff did not immediately move to amend the Complaint after Weeks announced its intention on January 10, 2005, to file a motion for summary judgment because shortly thereafter a settlement conference was scheduled. Plaintiff's counsel explained that he did not wish to generate additional motion practice which might consume funds which Weeks could otherwise use for purposes of settlement.

It is true that one of the reasons for scheduling a settlement conference early in the litigation process is that money which will be expended in discovery and pretrial motions can be utilized for purposes of settlement. Thus, the court finds that Plaintiff has offered a valid reason for the delay which followed the January 10, 2005, pretrial conference. This reason also has some applicability to the period prior to January 10, 2005. As for the delay which followed the March 23, 2005, settlement conference, the court finds that the approximately two week period which followed thereafter is too brief to weigh significantly in the determination of the instant Motion.[2]

---

[2] Weeks also points out that the January 10, 2005, pretrial order requires parties to amend their pleadings "promptly after counsel

Fourth, Weeks contends that the Motion should be denied because it is futile in that Plaintiff's injury occurred on January 14, 2002, and there is a three year statute of limitations both for personal injury under Rhode Island law, see R.I. Gen. Laws § 9-1-14, and for negligence under General Maritime Law, 46 U.S.C. App. § 763(a). See Weeks Mem. at 7-8. However, Fed. R. Civ. P. 15(c) provides, in relevant part, that an amendment of a pleading relates back to the date of the original pleading when "(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ...." Fed. R. Civ. P. 15(c). Here Plaintiff's claim of negligence arises out of the conduct or occurrence which Plaintiff pled in the Complaint. See Complaint ¶ 29. Thus, it is not barred by the statute of limitations, and therefore Weeks' argument that the amendment is futile must be rejected.

Fifth, Weeks argues that the Motion is merely a reaction to Defendant's intended summary judgment motion. See Weeks Mem. at 8. In support of this argument, Weeks cites Kennedy v. Josephthal & Co., 814 F.2d 798 (1st Cir. 1987), wherein the Court of Appeals stated that the filing of a motion for leave to amend an amended complaint "could be viewed as an attempt to avoid an adverse ruling on summary judgment," id. at 806, and that the district court did not abuse its discretion in denying the

---

discovers, or should have discovered, the basis for such motions." Declaration of Ronald Betancourt in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Document #25) ¶ 8 (quoting Pretrial Order - Jury Case (Document #22) ¶ 4). Admittedly, Plaintiff's filing of the Motion almost three months later on April 5, 2005, strains the definition of prompt almost to the breaking point. However, the court has accepted Plaintiff's counsel's explanation that Plaintiff deferred filing the Motion in order to avoid motion practice prior to the Settlement Conference. Since the court has accepted this explanation, the court focuses on how long after the unsuccessful Settlement Conference Plaintiff filed the Motion. The court finds that filing it within two weeks qualifies as prompt.

amendment, see id. The instant case is distinguishable from Kennedy in that here the court does not have a motion for summary judgment under advisement. In fact, as of the date the Motion to Amend was filed, Weeks had not filed a motion for summary judgment. Additionally, in Kennedy the plaintiff sought leave to file a second amended complaint, whereas here Plaintiff seeks leave to file his first Amended Complaint. Further, the fact that the Court of Appeals held that the district court did not abuse its discretion in denying plaintiff leave to amend does not mean that it is an abuse of discretion to grant leave in such circumstances. Rather, it is simply a matter within the discretion of the district court. In the circumstances presented here, the court does not find that the timing of the Motion to Amend requires that it be denied, especially in light of the command that leave "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a). As previously indicated, the court does not view favorably the fact that Weeks, having been the beneficiary of Plaintiff's largess, see Discussion supra at 4-5, is not inclined to extend similar consideration to Plaintiff.

Sixth, Weeks claims that it will be prejudiced if the Motion is granted. See Weeks Mem. at 9-10. Specifically, Weeks argues that it formulated its discovery seeking evidence to support its defenses against Plaintiff's Jones' Act negligence and unseaworthiness claims. See id. at 9. Granting the Motion, Weeks contends, will force it to incur additional expense and result in delay. See id.

To the extent that granting the Motion will cause any prejudice to Weeks because the claim of negligence contained the proposed Amended Complaint was not on Weeks' radar screen when it formulated its prior discovery requests, such prejudice can be

addressed by extending the period for discovery.[3] As for Weeks' complaint about delay, Weeks has itself caused delay in this matter by seeking extension of the time within which to answer the Complaint and filing its answer late. The court does not find that any delay resulting from the granting of this Motion is sufficient to alter the conclusion that justice requires that leave to file an Amended Complaint be granted.

For the reasons stated above, the Motion to Amend is GRANTED.

So Ordered.

ENTER:

David L. Martin
United States Magistrate Judge
July 1, 2005

BY ORDER:

Deputy Clerk

---

[3] The docket reflects that on June 29, 2005, a joint motion for extension of time up to and including November 15, 2005, to complete discovery was filed by the parties. See Document #31. While this Magistrate Judge has reservations that an extension of that length is required, if the motion is referred to him, he would be inclined to grant it, although perhaps for a lesser period.