UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

----------------------------------------------------X

SALVATORE LA TERRA BELLINA,

Plaintiff,

-against-

WEEKS MARINE, INC., PROVPORT, INC., NORTHERN STAR MARINE, INC., ABC CORPORATION, JOHN DOE,

Defendants

----------------------------------------------------X

Civil Action No. 04-249 (ECT)

**ANSWER TO AMENDED COMPLAINT WITH <u>CROSS-CLAIMS</u>**

Defendant Weeks Marine, Inc. ("Weeks Marine"), by its attorneys, Betancourt, Van Hemmen, Greco & Kenyon, and its local counsel Baluch, Gianfrancesco, Mathieu & Szerlag, answer the Amended Complaint herein upon information and belief as follows:

## ANSWERING THE ALLEGATIONS REGARDING PARTIES

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 1, 3, 4, 5, 6, 8, 9, 10 of the Amended Complaint.

2. Admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. Admits that Weeks Marine, at relevant times, operated, managed and controlled the non-self-propelled floating crane work platform the WEEKS 529 ("WEEKS 529") and, except as so admitted, denies each and every allegation contained in Paragraph 7 of the Amended Complaint.

## ANSWERING THE FACTUAL ALLEGATIONS

4. Denies the allegations of Paragraphs 11, 15, 17, 18 and 19 of the Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 12, 14 and 16 of the Amended Complaint.

6. Admits that the WEEKS 529, at relevant times, was in Narragansett Bay; denies knowledge or information sufficient to form a belief as to the allegation that the vessel M/V Oluja was in navigable waters of the Narragansett Bay on or about January 14, 2002; and, except as so admitted and denied, denies each and every allegation contained in Paragraph 13 of the Amended Complaint.

## ANSWERING THE JURISDICTIONAL ALLEGATIONS

7. Denies the allegations contained in Paragraph 20 of the Amended Complaint.

8. The allegations contained in Paragraph 21 of the Amended Complaint are conclusions of law properly resolvable by the Court.

## ANSWERING COUNT I

9. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 8 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 22 of Count I of the Amended Complaint.

10. Denies the allegations contained in Paragraphs 23, 24 and 25 of Count I of the

Amended Complaint.

**ANSWERING COUNT II**

11. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 10 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 26 of Count II of the Amended Complaint.

12. Denies the allegations contained in Paragraphs 27, 28, 29, 30 and 31 of Count II of the Amended Complaint.

**ANSWERING COUNT III**

13. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 12 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 32 of Count III of the Amended Complaint.

14. Denies the allegations contained in Paragraphs 33, 34, 35, 36 and 37 of Count III of the Amended Complaint.

**ANSWERING COUNT IV**

15. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 14 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 38 of Count IV of

the Amended Complaint.

16. The allegations contained in Paragraphs 39 through 42 of Count IV of the Amended Complaint are not directed at defendant Weeks Marine and, accordingly, no response is required or provided from defendant Weeks Marine as to the allegations contained in Paragraphs 39 through 42 of Count IV of the Amended Complaint.

**ANSWERING COUNT V**

17. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 16 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 43 of Count V of the Amended Complaint.

18. The allegations of Paragraphs 44 through 48 of Count V of the Amended Complaint are not directed at Defendant Weeks Marine and, accordingly, no response is required or provided from defendant Weeks as to the allegations contained in Paragraphs 44 through 48 of Count V of the Amended Complaint.

**ANSWERING COUNT VI**

19. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 18 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 49 of Count VI of the Amended Complaint.

20. The allegations contained in Paragraphs 50 through 54 of Count VI of the Amended Complaint are not directed at defendant Weeks and, accordingly, no response is required or provided from defendant Weeks Marine as to the allegations contained in Paragraphs 50 through 54 of Count VI of the Amended Complaint.

**ANSWERING COUNT VII**

21. Defendant Weeks Marine repeats and realleges the answers contained in Paragraphs 1 through 20 herein with the same force and effect as if fully set forth herein, and, except as so admitted, denies the allegations contained in Paragraph 55 of Count VII of the Amended Complaint.

22. The allegations contained in Paragraphs 56 through 60 of Count VII of the Amended Complaint are not directed at defendant Weeks and, accordingly, no response is required or provided from defendant Weeks Marine as to the allegations contained in Paragraphs 56 through 60 of Count VII of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

23. The Amended Complaint fails to state a claim or cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

24. The allegations in Counts I and II of the Amended Complaint against defendant Weeks Marine are frivolous and lack any evidentiary support within the

meaning of Fed. R. Civ. P. 11 and defendant Weeks Marine reserves the right to seek sanctions, including attorneys' fees and costs.

**THIRD AFFIRMATIVE DEFENSE**

25. Plaintiff's claims are fraudulent in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

26. Plaintiff is not a seaman under the Jones Act, 46 U.S.C. §688 et seq.

**FIFTH AFFIRMATIVE DEFENSE**

27. The WEEKS 529 is not a vessel in navigation under the Jones Act, 46 U.S.C. §688 et seq.

**SIXTH AFFIRMATIVE DEFENSE**

28. Plaintiff had no employment connection to the WEEKS 529.

**SEVENTH AFFIRMATIVE DEFENSE**

29. Plaintiff failed to join indispensable parties in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

30. If plaintiff was injured in the manner and for the reasons alleged by him, which is denied, his injuries were caused in whole or in part by his own negligence or the negligence of others for whose negligence defendant Weeks Marine is not liable.

**NINTH AFFIRMATIVE DEFENSE**

31. Upon information and belief, plaintiff is guilty of culpable conduct and the

amount of damages, if any, which may be recovered by plaintiff shall be diminished in the proportion which his culpable conduct bears to the defendant Weeks Marine's culpable conduct, which is denied.

**TENTH AFFIRMATIVE DEFENSE**

32. That any verdict in the within action, for past, present, and future medical care, custodial care, or rehabilitation services, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from any collateral source, including Workers Compensation benefits, Longshore & Harbor Workers' Compensation Act benefits, employer funded medical plans, Medicaid and Medicare.

**ELEVENTH AFFIRMATIVE DEFENSE**

33. Plaintiff failed to mitigate his damages.

**TWELFTH AFFIRMATIVE DEFENSE**

34. The damages alleged were the result of intervening or superseding acts of others over whom defendant Weeks Marine had no control and for whom defendant Weeks Marine was not responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

35. The claims against defendant Weeks Marine are time-barred under the applicable Statute of Limitations and/or by laches.

**CROSS-CLAIMS**

36. Defendant Weeks Marine hereby brings the following Cross-Claims against co-defendants Provport, Inc., Northern Star Marine, Inc., ABC Corporation and John Doe (collectively, "Co-defendants"):

37. If plaintiff sustained the injuries, damages and losses as set forth in the Amended Complaint, said allegations being specifically denied as they relate to defendant Weeks Marine, and if defendant Weeks Marine is judged liable to plaintiff, then such liability and/or damages were caused in whole or in part by the active and primary carelessness, negligence, breach of duty, fault, acts or omissions or commissions or other fault or intentional acts of Co-defendants, or of any one or any combination of those Co-defendants, and if any judgment should be recovered herein by plaintiff against defendant Weeks Marine, Co-defendants, or of any one or any combination of those Co-defendants, should be liable to defendant Weeks in whole or in part in the amount of such damage, loss, or injury, under an apportionment of liability for indemnity or contribution.

WHEREFORE, defendant Weeks Marine demands judgment dismissing the Amended Complaint, but if there is a judgment against it, then judgment over and against Co-defendants, or of any one or any combination of those Co-defendants, for indemnification and/or contribution together with costs, disbursements, interest, and attorneys' fees in this action, and such other further and different relief as the Court may

deem just and proper.

Dated: Red Bank, New Jersey
July 25, 2005

BETANCOURT, VAN HEMMEN, GRECO & KENYON
Attorneys for Defendant Weeks Marine, Inc.

By Ronald Betancourt

Ronald Betancourt (RB 5838)
114 Maple Avenue
Red Bank, New Jersey 07701
(732) 530-4646

BALUCH, GIANFRANCESCO, MATHIEU & SZERLAG
Local Counsel for Defendant Weeks Marine, Inc.

By

David Szerlag #4261
155 South Main Street, Suite 101
Providence, RI 02903
(401) 331-1434

TO: HANSON CURRAN LLP
Attorneys for Plaintiff
146 Westminster Street
Providence, RI 02903
(401) 421-2154

WISTOW & BARYLICK, INC.
Attorneys for defendant Provport, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700