JTM:ems 03-333 8/29/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SALVATORE LA TERRA BELLINA<br>Plaintiff,<br><br>v.<br><br>WEEKS MARINE, INC., PROVPORT, INC., NORTHERN STAR MARINE, INC., ABC CORPORATION, JOHN DOE<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. NO. 04-249T |

**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT, PROVPORT, INC.**

Please take notice that under the Federal Rule of Civil Procedure 30(b)(6) plaintiff, Salvatore La Terra Bellina, will take the oral deposition of defendant, ProvPort, Inc., at the offices of Hanson Curran LLP, 146 Westminster Street, Providence, RI 02903, on Tuesday, September 13, 2005, commencing at 10:00 a.m.

Defendant, ProvPort, Inc., is directed to designate a person or persons to testify on its behalf in the following matters:

1. The relationship, including but not limited to contractual relationships, between ProvPort, Inc. and defendant, Weeks Marine, Inc., with respect to ProvPort's operations, personnel and equipment at the Port of Providence during 2001 and 2002.

2. The relationship, including but not limited to contractual relationships, between ProvPort, Inc. and Waterson Stevedoring, LLC, with respect to ProvPort's operations, personnel and equipment at the Port of Providence during 2001 and 2002.

3. The relationship, including but not limited to contractual relationships, between ProvPort, Inc. and International Longshoreman's Association including, but not limited to, its Local No. 1329, with respect to ProvPort's operations, personnel and equipment at the Port of Providence during 2001 and 2002.

4. The design, construction and equipment in place (including but not limited to ladders, lighting, railings, safety equipment, rescue equipment, and first aid equipment) at Berths 1,2,3 and 4 at the Port of Providence as of January 14, 2002.

5. All repairs, modifications, and maintenance of Berths 1, 2, 3 and 4 and associated bulkheads and equipment and lighting, at the Port of Providence during 2001 and/or 2002.

6. ProvPort's personnel, including all management, staff and crew employed by or on behalf of ProvPort with respect to its operations in the Port of Providence during 2001 and 2002.

7. ProvPort's marine safety policies, safety procedures, and safety reporting (including documentation and reporting of injuries) for ProvPort's marine operations in the Port of Providence during 2001 and 2002.

8. ProvPort's record keeping for operations in the Port of Providence with respect to personnel, operations logs, safety logs, and injury/incident reports (including but not limited to internal reports and OSHA reports) for Port of Providence operations during 2001 and 2002.

## Documents to be Produced

Under Federal Rules of Civil Procedure 30(b)(5) and 34, defendant, ProvPort, Inc., is requested to produce the following documents at the deposition:

1. All incident reports and/or other reports and/or log entries with respect to the incident of January 14, 2002, involving plaintiff, John La Terra Bellina, as described in the complaint in this action.

2. True, accurate and complete copies of all safety policies and/or procedures of ProvPort, Inc., in effect, on January 14, 2002.

3. True, accurate and complete copies of all blueprints, plans, diagrams, drawings, photographs or other depictions of Berths 1, 2 3, and 4 and associated bulkheads, equipment and lighting, as constructed and/or in place on January 14, 2002; and/or as modified at any time between January 1, 2001 and the present time.

4. True, accurate and complete copies of any and all contracts, protocols, agreements, memoranda of understanding, or other documents evidencing or setting for the relationship between ProvPort, Inc. and any of the following entities for the years 2001 and 2002.

   a.) Weeks Marine, Inc.
   b.) Waterson Stevedoring, LLC
   c.) International Longshoreman's Association, including but not limited to Local No. 1329.

5. True and accurate copies of all maintenance and/or repair and/or safety records for ProvPort for the years 2001 and 2002, including, but not limited to: all documents relating to the maintenance of the berthing, securing, deck, removal of debris, railings, lifelines, stanchions, and/or safety equipment aboard or adjacent to Weeks' barge 529 and/or Berths 1, 2, 3 and 4 at the Port of Providence for the years 2001 and 2002.

6. True and accurate copies of all personnel rosters/payroll records or other records in the possession of ProvPort indicating the identities of ProvPort personnel assigned to or working at the Port of Providence during January, 2002.

7. True and accurate copies of all leases and/or tenancy agreements, contracts or anything of the like by and between Waterson Stevedoring, Weeks Marine, Inc. and/or ProvPort, Inc., in place at the time of the incident in question, including those such leases and/or tenancy agreements, contracts or other such documents from the five (5) years prior to the incident up to and including the present.

The deposition will be recorded stenographically before Reporting Associates.

Plaintiff, Salvatore La Terra Bellina
By his Attorney,

HANSON CURRAN LLP

James T. Murphy, Esq. #1698
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

## PROOF OF SERVICE

I hereby certify that on this 31st day of August, 2005, I mailed a copy of the within document to **Stephen P. Sheehan, Esq.**, WISTOW & BARYLICK, INC., 61 Weybosset Street, Providence, RI 02903; **David Szerlag, Esq.**, BALUCH, GIANFRANCESCO, MATHIEU & SZERLAG, 255 South Main Street, Suite 101, Providence, RI 02903-2963; **Ronald Betancourt, Esq.**, BETANCOURT, VAN HEMMEN, GRECO & KENYON, 114 Maple Avenue. Red Bank, NJ 07701; and **Reporting Associates**, 10 Dorrance Street, Suite 617, Providence, RI 02903.

Hanson Curran LLP

JTM:ems 03-333 8/29/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SALVATORE LA TERRA BELLINA<br>Plaintiff,<br><br>v.<br><br>WEEKS MARINE, INC., PROVPORT, INC., NORTHERN STAR MARINE, INC., ABC CORPORATION, JOHN DOE<br>Defendants. | : | C.A. NO. 04-249T |

**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT, WEEKS MARINE, INC.**

Please take notice that under the Federal Rule of Civil Procedure 30(b)(6) plaintiff, Salvatore La Terra Bellina, will take the oral deposition of defendant Weeks Marine, Inc., at its counsel's office at Betancourt, Van Hemmen, Greco & Kenyon 114 Maple Avenue, Red Bank New Jersey, on Friday, September 9, 2005, commencing at 11:00 a.m.

Defendant, Weeks Marine, Inc., is directed to designate a person or persons to testify on its behalf in the following matters:

1. The relationship, including but not limited to contractual relationships, between Weeks Marine, Inc. and defendant, ProvPort, Inc. with respect to Weeks' operations, personnel and equipment at the Port of Providence during 2001 and 2002.

2. The relationship, including but not limited to contractual relationships, between Weeks Marine, Inc. and Waterson Stevedoring, LLC. with respect to Weeks' operations, personnel and equipment at the Port of Providence during 2001 and 2002.

3. The relationship, including but not limited to contractual relationship, between Weeks Marine, Inc. and International Longshoreman's Association including, but not limited to, its Local No. 1329, with respect to Weeks' operations, personnel and equipment at the Port of Providence during 2001 and 2002.

4. The design, construction and equipment in place aboard Weeks' barge 529 as of January 14, 2002.

5. All repairs, modifications, and maintenance of Weeks barge 529 at any time during which said barge was at the Port of Providence during 2001 and/or 2002.

6. Weeks' personnel, including all management, staff and crew employed by or on behalf of Weeks' Marine with respect to its operations in the Port of Providence during 2001 and 2002.

7. Weeks' marine safety policies, safety procedures, and safety reporting (including documentation and reporting of injuries) for Weeks' marine operations in the Port of Providence during 2001 and 2002.

8. Weeks' record keeping for operations in the Port of Providence with respect to personnel, operations logs, safety logs, and injury/incident reports for the Port of Providence operations during 2001 and 2002.

9. Comparison of Weeks' stevedoring operations and/or barges with respect to the Port of Providence operations and any of the following Weeks' operating areas, particularly with respect to scrap iron and salt cargo loading and unloading:

   a..) Port of Albany, New York;
   b.) Chesapeake, Virginia;
   c.) Red Hook Terminal, Brooklyn, New York;
   d.) Claremont Terminal, Jersey City, New Jersey;
   e.) Port Newark, New Jersey;
   f.) Port of Tampa, Florida

<u>Documents to be Produced</u>

Under Federal Rules of Civil Procedure 30(b)(5) and 34, defendant, Weeks Marine, Inc. is requested to produce the following documents at the deposition:

1. All incident reports and/or other reports and/or log entries (including but not limited to internal reports and OSHA reports) with respect to the incident of January 14, 2002, involving plaintiff, John La Terra Bellina, as described in the complaint in this action.

2. True, accurate and complete copies of all safety policies and/or procedures of Weeks Marine, Inc., in effect on January 14, 2002, relating to the safety of persons working on barges, vessels and/or pier-side and the risk of slips and/or falls, and/or the rescue of persons who fall into the water..

3. True, accurate and complete copies of all blueprints, plans, diagrams, drawings, photographs or other depictions of the Weeks barge 529, as constructed and/or as it was on January 14, 2002; and/or as modified at any time between its initial launching and the present time.

4. True, accurate and complete copies of any and all contracts, protocols, agreements, memoranda of understanding, or other documents evidencing or setting for the relationship between Weeks Marine, Inc. and any of the following entities for the years 2001 and 2002.

   a.) ProvPort, Inc.
   b.) Waterson Stevedoring, LLC
   c.) International Longshoreman's Association, including but not limited to Local No. 1329.

5. True and accurate copies of all maintenance and/or repair and/or safety records for Weeks barge 529 for the years 2001 and 2002, including, but not limited to: all documents relating to the maintenance of the berthing, securing, deck, removal of debris, railings, lifelines, stanchions, and/or safety equipment aboard or adjacent to Weeks' barge 529 for the years 2001 and 2002.

6. True and accurate copies of all personnel rosters/payroll records or other records in the possession of Weeks Marine indicating the identities of Weeks personnel assigned to or working at the Port of Providence (whether or not aboard the Weeks barge 529) during 2001 and 2002.

7. True and accurate copies of all leases and/or tenancy agreements, contracts or anything of the like by and between Waterson Stevedoring, Weeks Marine, Inc. and/or ProvPort, Inc., in place at the time of the incident in question, including those such leases and/or tenancy agreements, contracts or other such documents from the five (5) years prior to the incident up to and including the present.

The deposition will be recorded stenographically before Topic Reporting, Inc.

Plaintiff, Salvatore La Terra Bellina
By his Attorney,

HANSON CURRAN LLP

James T. Murphy, Esq. #1698
146 Westminster Street
Providence, RI 02903
(401) 421-2154 – Telephone
(401) 521-7040 – Fax

**PROOF OF SERVICE**

I hereby certify that on this 31st day of August, 2005, I mailed a copy of the within document to **Stephen P. Sheehan, Esq.**, WISTOW & BARYLICK, INC., 61 Weybosset Street, Providence, RI 02903; **David Szerlag, Esq.**, BALUCH, GIANFRANCESCO, MATHIEU & SZERLAG, 255 South Main Street, Suite 101, Providence, RI 02903-2963; **Ronald Betancourt, Esq.**, BETANCOURT, VAN HEMMEN, GRECO & KENYON, 114 Maple Avenue. Red Bank, NJ 07701; and **Topic Reporting, Inc.**, 630 Union Lane, Brielle, NJ 08730-1423.

Hanson Curran LLP